UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL JOE CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:06-cv-1052-DFH-VSS |
| ) | |
| AIRLEAF PUBLISHING & BOOK SELLING, ) | |
| BRIEN JONES, ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The clerk shall **file, docket and distribute** the plaintiff's request for an injunction.

2. The plaintiff's request for an immediate injunction is **denied.** The reason for this ruling is that process has not been served on the defendants and the court has not acquired jurisdiction over the defendants. Without jurisdiction having been acquired, the court lacks the authority to issue an order such as sought in the request for an injunction. See *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served."). The court adds that the plaintiff seeks injunctive relief against non-parties as well as against the two defendants. The court cannot grant relief against someone who is not a party. Also, plaintiff alleges only economic harm through the infringement of his copyright, yet economic loss will not ordinarily constitute irreparable harm. *Sampson v. Murray,* 415 U.S. 61, 90 (1974).

So ordered.

_David F. Hamilton_

DAVID F. HAMILTON, Judge
United States District Court

Date: 09/29/2006

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Michael Joe Chapman
510 South 6th Street
Knoxville, IA   50138