UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL JOE CHAPMAN,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>AIRLEAF PUBLISHING & BOOK SELLING,<br>BRIEN JONES,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)　1:06-cv-1052-DFH-JMS<br>)<br>)<br>)<br>)<br>)<br>) |

**Entry Discussing Motion to Dismiss**

For the reasons explained in this Entry, the defendants' motion to dismiss filed on November 7, 2006, must be **granted.**

**I.**

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records,* 351 F.3d 46, 51 (2d Cir. 2003).

A copyright gives its holder certain rights as against the world, while a license agreement defines the rights between parties with regard to a particular copyright. See, e.g., *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001). Here, the plaintiff has conceded that on May 8, 2004, he entered into a contract (a "Client Service Agreement") with the defendants giving them his authority, permission, and consent to publish, market, and sell the book he authored. The defendants are not alleged to have exceeded the scope of this license. "A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement." *Graham v. James,* 144 F.3d 229, 236 (2d Cir. 1998). This is because the "licensee of any of the rights comprised in the copyright, though it is capable of breaching the contractual obligations imposed on it by the license, cannot be liable for infringing the copyright rights conveyed to it." *United States Naval Inst. v. Charter Communications, Inc.,* 936 F.2d 692, 695 (2d Cir. 1991). That describes the situation between the parties to this lawsuit. The complaint shows on its face that such a license was issued by the plaintiff. The copying of the book by the defendants did not constitute the unauthorized copying of the book.

"Even though a defendant's status as a valid licensee may be characterized as an affirmative defense, such defenses also may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Ariel (UK) Limited v. Reuters Group PLC, et al.,* 2006 WL 3161467, *5 (S.D.N.Y. October 31, 2006)(internal quotations and citations omitted). The plaintiff's claim of copyright infringement is dismissed for failure to state a claim upon which relief can be granted.

## II.

The disposition of the copyright infringement claim leaves in place the actual dispute between the parties, which is the plaintiff's claim for breach of contract.

The defendants also argue in their motion to dismiss that the court lacks subject matter jurisdiction over the plaintiff's complaint. This argument is based on the absence of a sensible claim of the minimum amount in controversy ($75,000) to support the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). See *Tropp v. Western-Southern Life Ins. Co.,* 381 F.3d 591, 593 (7th Cir. 2004). Although there may be merit to this argument, the argument itself does not support the motion. This is because the complaint invokes jurisdiction pursuant to the Federal Copyright Act, not § 1332(a). That claim, however, has now dropped out for the reasons explained in Part I of this Entry. What remains is a claim under Indiana state law for breach of contract only, not such a claim in which the court's diversity jurisdiction is invoked.

When a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998); *Wright v. Associated Insurance Cos., Inc.,* 29 F.3d 1244, 1250 (7th Cir. 1994). The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The general rule will be followed here, and applying the general rule dictates that the pendent state law claim for breach of contract be **dismissed for lack of jurisdiction.**

## III.

Judgment consistent with this Entry shall now issue. The defendants' motion to dismiss is **granted.** The claim pursuant to the Federal Copyright Act shall be dismissed with prejudice. The pendent claim under Indiana state law for breach of contract shall be dismissed without prejudice.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 9/18/2007